UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-358-KK-DTBx** | Date: | March 19, 2024 |
| Title: | *Anthony J. Lax v. Michele N. West Harvey* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Remanded for Lack of Jurisdiction

On February 8, 2024, defendant Michele N. West Harvey ("Defendant"), proceeding pro se, filed a Notice of Removal[1] of a "child support and child custody case" pending before the Riverside County Superior Court.  ECF Docket No. ("Dkt.") 1.

A defendant may remove a civil action from state to federal court if the action is one over which federal courts have original jurisdiction.  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  An action "arises under federal law" for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331 only "when a federal question appears on the face of the complaint."  City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020).  In addition, pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction over actions between "citizens of different States" that satisfy the statutory amount in controversy requirement.  28 U.S.C. § 1332(a)(2).  However, under the "domestic relations exception," federal courts lack power to issue or modify "divorce, alimony, and child custody decrees" on the basis of diversity jurisdiction.[2]  Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); accord. Bailey v. MacFarland, 5 F.4th 1092, 1095-96 (9th Cir. 2021).

---

[1] Defendant captioned her filing as a "Notice of Transfer of Venue to Article III Federal Court."  Dkt. 1.

[2] The domestic relations exception does not apply in cases over which a court has federal question jurisdiction.  Atwood v. Fort Peck Tribal Ct. Assiniboine, 513 F.3d 943, 947 (9th Cir.

A defendant seeking removal bears the burden of establishing removal is proper.  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  Furthermore, when a federal court lacks subject matter jurisdiction over a case removed from state court, the federal court "must remand[.]"  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

Here, Defendant seeks to remove a "child support and child custody case" to this Court on the basis of both federal question jurisdiction and diversity jurisdiction.  Dkt. 1 at 1-2, 10.  The action appears to arise out of a "petition for sole legal and physical custody with child support" filed by plaintiff Anthony J. Lax ("Plaintiff") on August 8, 2021.  Id. at 5.  However, Defendant failed to attach a copy of Plaintiff's underlying state court Complaint to the Notice of Removal.  See dkt. 1.  Hence, the Court cannot determine whether a federal question appears on the face of the Complaint such that the Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331.[3]  See City of Oakland, 969 F.3d at 903.  In addition, because the instant action is a "child support and child custody case," dkt. 1 at 1, and Defendant appears to challenge the state court's child support and child custody decrees, see id. at 8, the domestic relations exception precludes the Court from exercising diversity jurisdiction over this matter under 28 U.S.C. § 1332, see Ankenbrandt, 504 U.S. at 703.

Accordingly, Defendant is **ORDERED TO SHOW CAUSE** in writing why this action should not be remanded for lack of jurisdiction.  Plaintiff shall file a written response to this Order, along with a copy of the operative state court Complaint, **no later than April 2, 2024**.

**Defendant is expressly warned that failure to comply with this Order will result in this action being remanded for lack of jurisdiction.**  See Kelton Arms, 346 F.3d at 1192.

**IT IS SO ORDERED.**

---

2008).

[3] The Court further notes a petition for custody and support is unlikely to raise a federal question.  See dkt. 1 at 5.