JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-358-KK-DTBx** | Date: | April 17, 2024 |
| Title: | *Anthony J. Lax v. Michele N. West Harvey* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Noe Ponce | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) Order REMANDING to State Court**

## I.
## INTRODUCTION

On February 8, 2024, defendant Michele N. West Harvey ("Defendant"), proceeding pro se, filed a Notice of Removal[1] of a "child support and child custody case" pending before the Riverside County Superior Court. ECF Docket No. ("Dkt.") 1. On March 19, 2024, the Court issued an Order to Show Cause ("OSC") "why the action should not be remanded for lack of jurisdiction." Dkt. 8. In the OSC, the Court ordered Defendant to file a Response, which included "a copy of the operative state court Complaint." Id. at 2.

On March 29, 2024, Defendant filed a Response to the Court's OSC ("Response") with a copy of the underlying Petition for Child Custody and Visitation ("Petition"), and several hundred pages of documents from the underlying state case. Dkt. 11. According to the Petition, filed on August 6, 2021, petitioner Anthony Jamel Lax ("Plaintiff") sought an order for, among other requests, child support, legal and physical custody of minor children, A.L. and A.L., and reasonable visitation for Defendant. Id. at 47-53.

In Defendant's Response, Defendant lists out several alleged violations committed by, among others, Plaintiff and the Superior Court Judge presiding over the underlying state case. Id. at 2-5. For example, Defendant alleges she was not personally served in the underlying action, she was

[1] Defendant captioned her filing as a "Notice of Transfer of Venue to Article III Federal Court." Dkt. 1.

not "afford[ed] Due Process of a hearing or a notice in writing of the wage garnishments," and she was denied "Equal Protection under the Law" when the state court judge determined the United States Constitution would not apply to Defendant's underlying case. Id.

## II.
## DISCUSSION

### A.   APPLICABLE LAW

A defendant may remove a civil action from state to federal court if the action is one over which federal courts have original jurisdiction. 28 U.S.C. § 1441(a). A notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1).

Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under federal law" for purposes of establishing federal question jurisdiction under 28 U.S.C. § 1331 only "when a federal question appears on the face of the complaint." City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020). In addition, pursuant to 28 U.S.C. § 1332, federal courts have original jurisdiction over actions between "citizens of different States" that satisfy the statutory amount in controversy requirement. 28 U.S.C. § 1332(a)(2). However, under the "domestic relations exception," federal courts lack power to issue or modify "divorce, alimony, and child custody decrees" on the basis of diversity jurisdiction. Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); accord. Bailey v. MacFarland, 5 F.4th 1092, 1095-96 (9th Cir. 2021).

A defendant seeking removal bears the burden of establishing removal is proper. Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). Furthermore, when a federal court lacks subject matter jurisdiction over a case removed from state court, the federal court "must remand[.]" Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

### B.   ANALYSIS

Here, this action is subject to remand because (1) the notice of removal is untimely, and (2) the court lacks subject matter jurisdiction.

First, Defendant filed the notice of removal well over the 30-day deadline to seek removal. The Petition was filed on August 6, 2021, and Defendant was served on August 28, 2021. Dkt. 11 at 46, 73-76. Even assuming Defendant was not properly served as she alleges, Defendant received notice of the underlying action by at least September 8, 2021, when she filed the Responsive Declaration to Request for Order. See id. at 80. Thus, the Notice of Removal, filed on February 8, 2024, is untimely. Dkt. 1.

Second, the Court lacks subject matter jurisdiction over the instant matter. Defendant seeks to remove the instant case on the basis of both federal question jurisdiction and diversity jurisdiction. Dkt. 1 at 1-2, 10. However, the Petition confirms the underlying state case seeks an order for, among other requests, child support and legal and physical custody of Plaintiff and

Defendant's minor children.  See dkt. 11 at 44-61.  Thus, the Court concludes it does not have federal question jurisdiction over this matter under 28 U.S.C. § 1331.  Additionally, because the Court does not have federal question jurisdiction, the domestic relations exception precludes the Court from exercising diversity jurisdiction over this matter under 28 U.S.C. § 1332.  See Ankenbrandt, 504 U.S. at 703; Atwood v. Fort Peck Tribal Ct. Assiniboine, 513 F.3d 943, 947 (9th Cir. 2008) (holding the domestic relations exception does not apply in cases over which a court has federal question jurisdiction).  Thus, the Court lacks subject matter jurisdiction over the instant action, and therefore, remand is mandatory.  DeMartini v. DeMartini, 964 F.3d 813, 819 (9th Cir. 2020) ("[O]nce it appears that the district court lacks subject-matter jurisdiction the court must remand.").

## III.
## CONCLUSION

For the foregoing reasons, this action is **REMANDED** to Riverside County Superior Court.[2]  (JS-6)

**IT IS SO ORDERED.**

---

[2] On April 12, 2024, Defendant filed an Objection to participation in the District's mandatory ADR program.  Dkt. 12.  In light of this Order, Defendant's Objection is **DENIED as MOOT.**